UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DORIAN PRESSLEY, | : | Civil No. 09-3215 (FSH) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| EAST DISTRICT PRECINCT, et al., | : | |
| Defendants. | : | |

      Plaintiff, a prisoner confined at Hudson County Correctional Center, seeks to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915.  Having thoroughly reviewed Plaintiff's allegations, the Court finds that sua sponte dismissal of the Complaint is not required by 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) at this stage of the proceeding.  However, East District Precinct will be dismissed as defendant because it is not a "person" subject to suit under 42 U.S.C. § 1983.  Cf. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

      IT IS therefore on this 6th day of January, 2010,

      ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

      ORDERED that the Complaint may proceed past sua sponte dismissal; and it is further

      ORDERED that East District Precinct is DISMISSED as defendant; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall forward a copy of this Order by regular mail to the Attorney General of the State of New Jersey and the warden of Hudson County Correctional Center; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon Defendants, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve a responsive pleading within the time specified by Fed. R. Civ. P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 454 (3d Cir. 1997), and the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the agency having custody of Plaintiff shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is finally

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action.

                                              s/ Faith S. Hochberg  
                                              **FAITH S. HOCHBERG, U.S.D.J.**