UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DORIAN PRESSLEY, | :<br>: |
| Plaintiff, | :<br>: |
|  | : Civil Action No. 09-3215 (FSH) |
| v. | :<br>: |
|  | : ORDER ON INFORMAL |
| EAST DISTRICT PRECINCT, et. al., | : APPLICATION |
| Defendants. | :<br>: |

This matter having come before the Court by way of Plaintiff's application, filed on January 25, 2010, for appointment of pro bono counsel;[1]

and the Court having considered Plaintiff's application;[2]

and a request for the appointment for counsel being governed by the factors set forth in

---

[1] On July 2, 2009, Plaintiff submitted a Complaint that alleges that on or about January 15, 2009, five police officers and one police sergeant of the East District Police Precinct were involved in an assault on Plaintiff while he was walking on Winfield Avenue in Jersey City, New Jersey. (Compl., Docket Entry No. 1, at 2.) Plaintiff claims that each defendant used excessive force by beating Plaintiff's face, body, and legs while he was handcuffed. (Id. at 10–11.) As a result of the alleged assault, Plaintiff claims damage to his left eye, requiring use of prescription eye glasses and eye therapy at East Orange Hospital. (Id. at 5, 12.) Based upon these events, Plaintiff claims that police officers used excessive force, committed police brutality, and committed misconduct. (Compl., Docket Entry No. 1, at 10.) On July 6, 2009, Plaintiff filed an application to proceed in forma pauperis. (Pl.'s Application, Docket Entry No. 2.) On January 6, 2010, the Honorable Faith S. Hochberg granted Plaintiff's application to proceed in forma pauperis and granted leave to file the Complaint against all defendants' expert Defendant East District Precinct. (Jan. 6, 2010 Order, Docket Entry No. 4, ¶ 1.)

[2] In his application, Plaintiff asserts that he is entitled to pro bono counsel because he: (1) lacks a legal background and seeks someone with training to assist him and (2) is unable to afford an attorney because of insufficient funds. (See Pl.'s Application, Docket Entry No. 9.)

1

Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993);

and Plaintiff's request failing to satisfy these factors;[3]

---

[3] Indigent civil litigants, such as Plaintiff, have no constitutional or statutory right to appointment of counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion in determining whether the appointment of counsel is appropriate. 28 U.S.C. § 1915(e)(1); Tabron, 6 F.3d at 153.

When presented with an application for the appointment of pro bono counsel in a civil case, the Court must consider if a Plaintiff's claim has "some merit in fact and law." Parham, 126 F.3d at 457. If this threshold is satisfied, then the Court should consider the Tabron factors, namely: (1) the ability of the party to present his case; (2) the difficulty of the legal issues; (3) the ability of the party to pursue a factual investigation; (4) the capacity of the party to retain his own counsel; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require expert witness testimony. Tabron, 6 F.3d at 155–57.

Although the Court assumes without deciding that Plaintiff's claim has "some merit in fact and law," Plaintiff's application fails to satisfy the Tabron factors for the appointment of pro bono counsel. First, Plaintiff does not have difficulty presenting his case. In analyzing plaintiff's ability to present his case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6. F.3d at 156. Based upon the present record, Plaintiff has demonstrated an understanding of the actions he should take in furtherance of his claim. For example, while incarcerated, Plaintiff filed a Complaint and applications to proceed in forma pauperis and to request pro bono counsel. (See Docket Entry Nos. 1, 2 and 9.) Further, Plaintiff's Complaint and applications are clearly written and show that he has the ability to effectively communicate the facts upon which his claims are based. For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's cause of action is based on established civil rights laws. The violation allegedly occurred when Defendants allegedly used excessive force on Plaintiff. (Compl., Docket Entry No. 1, at 2.) The law surrounding this claim is well-developed, and the facts of his case are fairly straightforward. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938 (D.N.J. July 24, 2009) (noting that the law surrounding a plaintiff's civil rights claim of excessive force against police was "well developed" and did not warrant the appointment of pro bono counsel). Moreover, at this stage of the case, "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity. Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Fed'n of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). Thus, this factor does not support the appointment of counsel.

---

Third, Plaintiff has an ability to conduct a factual investigation without the assistance of an attorney. Although Plaintiff is incarcerated, he does not currently appear to be hindered in his factual investigation. He has presented no facts to show that his factual investigation will be limited. Clinton, 2009 WL 2230938 (noting that where a plaintiff did not express any particular discovery challenges, appointment was not appropriate). Plaintiff has access to all of the discovery tools made available to him by the Federal Rules of Civil Procedure to investigate his claims. See Montgomery v. Pinchak, 294 F.3d 492, 503 (3d Cir. 2002) (stating that courts must consider a "prisoner's inability to gather facts relevant to the proof of his claim" when evaluating an application for pro bono counsel). This factor, therefore, weighs against appointment.

Fourth, Plaintiff's indigence is not by itself a sufficient basis to appoint counsel. See Clinton, 2009 U.S. Dist. LEXIS 64464, at *12–13. Moreover, he has not demonstrated any efforts to retain an attorney. See Thompson Union County Div. of Soc. Servs., 07-4928, 2008 U.S. Dist. LEXIS 62077 (stating that "[p]ro bono counsel is an extremely limited resource and the court is reluctant to appoint counsel to an individual who has not demonstrated an effort to argue his own representations."). Therefore, this factor weighs against appointment.

Fifth, it is not clear the extend to which the case will turn on credibility determinations. In fact, for this factor to be determinative, "courts should determine whether the case will be solely a swearing contest." Montgomery, 294 F.3d at 505 (quoting Parham, 126 F.3d at 460). Here, evidence, such as medical records, may be used to support his claim and this may be sufficient to show that credibility alone may not be the sole deciding factor. Therefore, it is not now apparent that the case will be "solely a swearing contest." Id. (emphasis added). This factor, therefore, does not presently support appointing counsel.

Sixth, it is uncertain whether expert testimony will be required at trial. Based upon the submissions, Plaintiff's alleged injuries include damage in his right eye, however, it is not apparent that an expert is needed to determine the extent and seriousness of the injuries claimed. See id. at 504 (noting that experts are generally needed to prove "the seriousness of injury or illness [that] would not be apparent to a lay person"). Thus, this factor does not presently weigh in favor of appointing counsel.

Because consideration of the Tabron factors on this record shows that appointment of counsel is not warranted, Plaintiff's application for the appointment of pro bono counsel is denied.

IT IS THEREFORE ON THIS 15th day of March 2010,

ORDERED that Plaintiff's application for appointment of pro bono counsel [Docket Entry No. 9] is denied.


s/Patty Shwartz
**UNITED STATES MAGISTRATE JUDGE**