NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DORIAN PRESSLEY,<br>Plaintiff,<br><br>v.<br><br>EAST DISTRICT PRECINCT, SGT.<br>STEVE TROWBRIDGE, P.O.<br>BURGESS, P.O. GOODMAN, P.O.<br>RAGLAND, P.O. SWINNEY, P.O.<br>LUGO,<br>Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 09-CV-3215 (DMC)(MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion for summary judgment by Defendants

Sergeant Steve Trowbridge, and Police Officers Burgess, Goodman, Ragland, Swinney and Lugo

(hereinafter, "Defendants"). Pursuant to Federal Rule of Civil Procedure 78, no oral argument was

heard. After considering the submissions of all parties, and for the reasons set forth below, it is the

decision of this Court that the Defendants' motion for summary judgment (ECF No. 45) is **denied**.

## I.    STATEMENT OF FACTS

On January 6, 2010, Plaintiff's application to proceed in forma pauperis was granted.

(Hochberg Order, Jan. 6, 2010, ECF No. 4.) The Honorable Faith S. Hochberg found Plaintiff's

complaint sufficient to surmount sua sponte dismissal in the in forma pauperis application review

phase. Id. Further, Judge Hochberg dismissed Defendant Eastern District Precinct for lacking the

"person" status that would subject the entity to suit under 42 U.S.C. § 1983. Id. The remaining

Defendants have moved for summary judgment in the instant motion, arguing that they are entitled

to qualified immunity, that Plaintiff failed to establish his rights were violated since Defendants' use of force was justified and that there are no genuine issues as to any material facts in the case.

Plaintiff is seeking damages related to alleged police brutality by Officers and named Defendants. Plaintiff alleges that he was assaulted and abused by the Officers on or about January 15, 2009 resulting in an altercation that "almost caused him an eye." (Pl.'s Compl. 2, July 2, 2009, ECF No. 1.) Plaintiff states that he received eye therapy and now wears glasses. Id. at 5, 12. Defendants add that Plaintiff initially refused medical attention, but was eventually taken to the Jersey City Medical Center. (Def.'s Mot. Summ. J. ¶ 7.)

The parties dispute the timing and context of the altercation. Plaintiff states that Officers approached him on Winfield Avenue in Jersey City and "immediately assaulted" him "without warning." (Pl.'s Compl. 2.) Plaintiff contends Officers never identified themselves nor did they give any explanation of the initial reason for their approach. (Pl's Compl. 2.) Plaintiff makes no mention of resisting handcuffs or otherwise struggling against or attempting to evade the Officers. On the other hand, Defendants contend that after seeing Plaintiff engaged in a drug transaction in the area of Neptune and Ocean Avenues in Jersey City, a "known narcotic area," they "immediately [exited their vehicles and approached] Plaintiff [and] identified themselves as police officers" and "also had their badges exposed around their necks." (Def.'s Mot. Summ. J. ¶ 4, June 20, 2011, ECF No. 45.) Defendants further allege Plaintiff "violently struggled with the police officers and resisted arrest" and "pushed the police officers in an attempt to flee them." (Def.'s Mot. Summ. J. ¶ 5.)

## II.   STANDARD OF REVIEW

### 1. Summary Judgment

It is well established that this Court is to review the facts in the light most favorable to the nonmoving party. Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 501 (3d Cir.1996); see also,

Dowling v. Citizens Bank, 295 Fed.Appx. 499 (3d Cir. 2008).  Summary judgment is appropriate where there are no genuine material issues of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (2008).  A factual dispute is material if, under the substantive law, it would affect the outcome of the suit.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The Third Circuit holds that "in considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Lack of opposition to a motion for summary judgment is not a sufficient basis, on its own, for granting judgment in favor of the moving party.  Grant of a summary judgment motion must also be "appropriate." Anchorage Assoc. v. V.I. Bd. of Tax L. Rev., 922 F.2d 168, 175 (3d Cir. 1990) (citation omitted).  Even though Rule 56(e) requires a non-moving party to "set forth specific facts showing that there is a genuine issue for trial," it is "well-settled . . . that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Id.  Lack of opposition does not affect the standard guiding a summary judgment motion and the Court must determine whether judgment is appropriate, as a matter of law, as a result of the finding of no genuine issues of material fact to be tried.

### 2. Leniency granted to pro se litigants

The comments to Local Civil Rule 10.1 refer to several propositions, all guiding this Court

3

to treat the form of pleadings of pro se litigants with greater leniency than is granted to represented parties. Even the contents of the pleadings themselves, when filed by a pro se litigant, must be construed liberally by the Court. Caldwell v. CVS, 443 F. Supp. 2d 654, 656-7 (D.N.J. 2006); see also Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502, 507 n.3 (D.N.J. 2000) (citing U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999)) (citation omitted).

In any event, the Court is not required to credit a pro se litigant's "bald assertions" or "legal conclusions." Cade v. Newman, 422 F. Supp. 2d 463, 465 (D.N.J. 2006) (citation omitted). Recently, in this District, the Honorable Jose L. Linares aptly noted that the prevailing standard of review on a summary dismissal of a pro se complaint was modified with the Court's seminal holding in Ashcroft v. Iqbal. Boss v. Christie, No. 10-2396, 2010 WL 5068061, at *3 (D.N.J. Dec. 3, 2010) (citing Iqbal, 129 S.Ct. 1937 (2009)). Instead of asking whether a prisoner could prove no set of facts in support of a claim for relief, as the Court did in Haines v. Kerner, 404 U.S. 519 (1972), the proper inquiry has become, given a liberal construction of a pro se litigant's pleadings, whether "sufficient factual matter" has been alleged to show that a claim is "facially plausible." Id.

## III.   DISCUSSION

To prove relief should be granted on a police brutality claim, Plaintiff must show that the police used "excessive force." Graham v. Connor, 490 U.S. 386, 388 (1989). Defendants assert that they are entitled to immunity, however, qualified immunity is a defense that "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Novellino v. N.J. Dept. of Corr. Mountainview Youth Corr. Facility, No. 10-4542, 2011 WL 3418201, at *4 (D.N.J. Aug. 3, 2011) (citing Ray v. Twp. of Warren, 626 F.3d 170,

4

173 (3d Cir.2010) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009))).

The Supreme Court guides that in supporting a police brutality claim, Plaintiff must make reference to the specific constitutional standard which governs the right, rather than to some generalized "excessive force" standard. Graham v. Connor, 490 U.S. 386, 394 (1989) (citing Tennessee v. Garner, 105 S.Ct. 1, 7 (1985)). A determination of whether the force was excessive or not depends on the prevailing reasonableness standard in Fourth Amendment jurisprudence. Garner, 105 S.Ct. at 8. The inquiry requires careful balancing of nature and quality of the intrusion on an individual's Fourth Amendment interest versus the countervailing government interests at stake. Graham, 490 U.S. at 396. Objective reasonableness is considered in light of the facts and circumstances confronting them, without regard to the Officers' underlying intent or motivation. Id. at 398. Proper application of the rule "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.

The facts underlying these reasonableness determinations, in terms of timing and context of the altercation, are disputed in this case. Plaintiff states that Officers approached him and "immediately assaulted" him "without warning," as in, before Plaintiff knew he was being arrested. (Pl.'s Compl. 2, July 2, 2009, ECF No. 1.) Plaintiff further explains that the Officers never identified themselves or gave any explanation of the initial reason for their approach. Id. Plaintiff's statement of claims includes his assertion that Officers engaged in a "brutal assault" on him "on the ground, handcuffed in the back of their vehicle where the assault

5

continued." (Pl.'s Compl. 11.)  Defendants, on the other hand, state that "immediately upon exiting their vehicles and approaching Plaintiff they identified themselves as police officers" and "also had their badges exposed around their necks." (Def.'s Mot. Summ. J. 2, June 20, 2011, ECF No. 45.)  More significant is Defendants' assertion that Plaintiff "resisted arrest," "violently struggled against the Officers" and "pushed the police officers in an attempt to flee them." (Def.'s Mot. Summ. J. ¶ 5.)  Whether Defendant was attempting to actively resist or evade arrest and whether the suspect posed an immediate threat to Officers' safety are crucial issues involved in determining whether Officers' conduct was justified. See Graham v. Connor, 490 U.S. 386, 396 (1989).

The instant fact pattern is strikingly similar to the one presented in Johnson v. DeProspo. In that case, the Honorable Katharine S. Hayden found genuine issues of material fact to exist as to whether the officers used excessive force.  Further, Judge Hayden found that both sides had differing versions of the events surrounding the arrest, and that resolution of the disputed facts would likely depend significantly on credibility determinations inappropriate at the summary judgment stage. Johnson v. De Prospo, No. 08-CV-1813, 2010 WL 5466255, at *5 (D.N.J. Dec. 30, 2010) (citing Abraham v. Raso, 183 F.3d 279, 294 (3d Cir. 1999); and Boyle v. County of Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998)).

Given the relevant standard from Iqbal and granting of appropriate leniency to the pro se complaint presented to this Court, Plaintiff has presented sufficient factual matter to support a finding that his claim is facially plausible.  The parties dispute whether Officers identified themselves and their reason for approaching Plaintiff and further dispute the timing of the altercation.  These disputes are relevant to the reasonableness determination involved in whether

Plaintiff's rights were violated under the Fourth Amendment. Further, it cannot be determined, at this point, whether Defendants' conduct was within the scope of reasonableness in respect to an entitlement to qualified immunity. Credibility determinations not appropriate for this stage of litigation are required. Defendants have not persuaded this Court that facts material to this case are undisputed and therefore it would be inappropriate to summarily dismiss Plaintiff's case.

## IV.      CONCLUSION

For the reasons stated herein, this Court **denies** Defendants' motion for summary judgment. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:        January ___9___, 2012
Original:    Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

7