UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DORIAN PRESSLEY,**<br><br>    Plaintiff,<br><br>v.<br><br>**EAST DISTRICT PRECINCT, et al.,**<br><br>    Defendant. | Civ. No. 09-3215 (WJM)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

     This matter comes before the Court on *pro se* Plaintiff Dorian Pressley's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1).  For the reasons stated below, the Court will **GRANT** the motion.

     Plaintiff seeks damages for alleged police brutality by Defendants.  Plaintiff alleges that, on January 15, 2009, Defendants assaulted him, causing an injury to his eye.  Compl. 2, ECF No. 1.  Plaintiff claims that he received eye therapy following the injury and now wears eyeglasses.  Compl. 5, 12.

     The parties dispute the details of the alleged assault.  Plaintiff alleges that Defendants approached him on Winfield Avenue in Jersey City and "immediately assaulted" him "without warning."  Compl. 2.  Plaintiff further alleges that Defendants did not identify themselves as police officers and did not give any explanation for their approach.  Compl. 2.  On the other hand, Defendants contend that after watching Plaintiff engage in a drug transaction, they immediately exited their vehicles and approached Plaintiff.  Defs.' Statement of Undisputed Facts ("SOF") ¶¶ 3, 4, ECF No. 45.  Defendants maintain that they identified themselves as police officers and that their badges were in plain view.  SOF ¶ 4.  Defendants further maintain that Plaintiff "violently struggled with [Defendants] and resisted arrest."  SOF ¶ 5.

     On June 21, 2011, Defendants moved for summary judgment on Plaintiff's claims.  The Court denied Defendants' motion, because there are genuine issues of material fact.  The case is now ready for trial.

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In exercising its discretion to appoint counsel, the Court must first assess whether a given case or defense has merit. *Tabron*, 6 F.3d. at 155. If the case has merit, the Court must next weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

The Court will appoint *pro bono* counsel. As an initial matter, it appears that Plaintiffs' claim has "some merit in fact and law," and is not "frivolous or malicious." *Tabron*, 5 F.3d at 155. And Plaintiff cannot afford to obtain counsel on his own behalf. Also, Plaintiff has no legal training and is currently incarcerated, which will make it difficult for him to prepare and present his case at trial. Finally, this case is likely to turn on credibility determinations, in that it is largely based on the word of the Plaintiff against the word of Defendants. *See Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997).

Thus, for the above reasons and for good cause shown;

**IT IS** on this 24th day of October 2014, hereby,

**ORDERED** that Plaintiff's application for *pro bono* counsel is **GRANTED**.

/s/ William J. Martini<br>
**WILLIAM J. MARTINI, U.S.D.J.**