UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DORIAN PRESSLEY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**EAST DISTRICT PRECINCT, et al.,**<br><br>**Defendant.** | Civ. No. 09-3215 (WJM)<br><br>**OPINION** |

Plaintiff Dorian Pressley filed this action against six police officers ("Defendants"), raising an excessive force claim. This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Falk's August 20, 2015 Order denying Plaintiff's motion to reopen discovery and compel additional discovery. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's appeal is **DENIED**, and Judge Falk's August 20, 2015 Order is **AFFIRMED**.

I.  BACKGROUND

A.  Procedural Background

In July 2009, Plaintiff filed a *pro se* civil rights Complaint, alleging that Defendants assaulted him during the course of his arrest. ECF doc. 1. In March 2010, then-Magistrate Judge Shwartz denied Plaintiff's motion to appoint *pro bono* counsel because he failed to satisfy the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). ECF doc. 14. Judge Shwartz found that Plaintiff "demonstrated an understanding of the actions he should take in furtherance of his claim." *Id*. at 2. In November 2010, Judge Shwartz denied Plaintiff's discovery request for police records. ECF doc. 31. Discovery concluded in March 2011. *See* ECF doc. 38.

In January 2012, Judge Cavanaugh denied Defendants' motion for summary judgment. ECF docs. 47, 48. In September 2013, Plaintiff moved to reopen discovery and for additional discovery. ECF docs. 64, 66, 68. Magistrate Judge Clark denied the request. ECF doc. 69. In October 2014, this Court granted Plaintiff *pro bono* counsel. ECF doc. 86. The Court stated that, "[t]he case is now ready for trial," and appointed counsel based on the factors set forth in *Tabron*. *Id*.

In July 2015, Magistrate Judge Falk entered an order scheduling a final pretrial conference. ECF doc. 96. Plaintiff, through counsel, again sought to reopen discovery and compel limited discovery, *i.e.*, the Defendants' depositions and the production of police records, including police "closeout reports." ECF doc. 97. Plaintiff also sought to present two expert witnesses at trial. *Id*. Defendants opposed. ECF doc. 99. In August 2015, Judge Falk held a hearing on Plaintiff's motion. ECF doc. 106 (Tr.).

At the conclusion of the hearing, Judge Falk denied Plaintiff's motion. *Id*. at 12. Judge Falk reasoned that: (1) Judge Shwartz had previously determined that Plaintiff demonstrated an understanding of the actions he should take in furtherance of his claim; (2) when this Court appointed *pro bono* counsel, it was to help Plaintiff try his case, and not because the Court intended to reopen discovery; and (3) appointment of *pro bono* counsel does not constitute good cause for reopening discovery. *Id*. at 12-15. Judge Falk did, however, order Defendants to produce the closeout reports. *Id*. at 15; *see also* ECF doc. 103 (Order).

### B.  The Instant Appeal

Plaintiff now appeals Judge Falk's Order. ECF doc. 105. Plaintiff claims that Judge Falk's decision is "contrary to law," because Judge Falk analyzed his motion under the *Tabron* standard, not the good cause standard. *Id* at 2. Plaintiff also argues that he should "be granted 'wider latitude' as to discovery issues because he was acting *pro se* during the entirety of the discovery period." *Id.* (citing *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2008)).

Finally, Plaintiff argues that Judge Falk erred in describing prior opinions of this Court as stating that "it's not clear that the case will turn on credibility determinations or to what extent," because this Court opined in its October 2014 Order that the case was likely to turn on credibility determinations. *Id*. at 5. Defendants oppose. ECF doc. 109.

## II.     LEGAL STANDARD

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). However, this Court recognizes the discretion afforded to the Magistrate Judge in case management matters, including scheduling deadlines. *See Spencer v. Cannon Equip. Co.*, CIV. 07-2437, 2009 WL 1883929, at *4 (D.N.J. June 29, 2009). Consequently, when an appellant "seeks review of a matter within the purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion' standard, must be applied." *Koninklijke Philips Electronics N.V. v. Hunt Control Sys., Inc.*, No. 11–3684, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014) (quoting *Salamone v. Carter's Retail, Inc.*, No. 09-5856, 2012 WL 821494, at *4 (D.N.J. March 9, 2012)).

### III. DISCUSSION

Plaintiff's claims on appeal are unavailing.  First, Judge Falk did not analyze Plaintiff's motion under the *Tabron* standard instead of the good cause standard.  Rather, Judge Falk discussed *Tabron* in describing the reasons this Court granted Plaintiff *pro bono* counsel. Moreover, Judge Falk explicitly stated that appointment of counsel does not constitute good cause for reopening discovery.  *See e.g., Marlowe Patent Holdings LLC v. Dice Electronics*, LLC, 293 F.R.D. 688, 699 (D.N.J. 2013) ("[R]etention of new counsel is not alone sufficient to show good cause to modify the court's scheduling order") (internal citations omitted).  And, contrary to Plaintiff's claim, Judge Falk did not err in describing prior opinions of this Court.

Finally, a party seeking to reopen discovery bears "the burden of demonstrating that despite its diligence, it could not reasonably have met the scheduling order deadline." *Grossbaum v. Genesis Genetics Inst.*, LLC, No. CIV.A. 07-1359, 2010 WL 3943674, at *2 (D.N.J. Oct. 6, 2010) (internal citations omitted).  Plaintiff argues in broad strokes that he has "good cause" to reopen discovery, but does not provide any evidence to support this conclusion.  As Judge Falk noted, Judge Shwartz determined in March 2010 that Plaintiff had "demonstrated an understanding of the actions he should take in furtherance of his claim."  Plaintiff has not provided any justification for failing to take depositions or conduct additional discovery while he was proceeding *pro se* and not in prison.  *See e.g., Marlowe Patent Holdings LLC v. Dice Electronics*, LLC, 293 F.R.D. 688, 698 (D.N.J. 2013).  Accordingly, Judge Falk's Order is not an abuse of discretion and will be affirmed.  *See Koninklijke,* No. 11–3684, 2014 WL 5798109, at *2.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's appeal is **DENIED**, and Judge Falk's August 20, 2015 Order is **AFFIRMED**.  An appropriate Order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 23, 2015**